**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 02-cv-02089-REB-OES

PRAN KATARIYA,

    Plaintiff,

v.

VAIL SUMMIT RESORTS, INC.,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO
STRIKE EXPERT TESTIMONY AND REPORT**

**Blackburn, J.**

The matter before me is **Plaintiff's Motion to Strike Expert Testimony and Report** [#60], filed October 11, 2005. Plaintiff seeks an *in limine*, pretrial determination that certain statements of defendant's expert witness, Todd Morgan, will be inadmissible in this premises liability case. I deny the motion.

None of plaintiff's objections to the expert's report is well-taken. Although plaintiff is correct that Morgan cannot simply state the bare conclusion that defendant's facility met the applicable standard of care, he clearly may testify regarding what the standard of care is and describe how defendant's facilities compare to that standard. (*See* Plf. Motion App., Exh. A(I) at 4 (expert report stating that other facilities in the area have similar grade elevation differences than defendant's facility, and that the absence guardrails is typical).)

Second, the fact that plaintiff's own expert agrees with Morgan that the facility is

compliant with the requirements of the Uniform Building Code does not render testimony on this matter irrelevant. Compliance with these standards is one factor bearing on whether defendant exercised reasonable care with respect to the premises. Despite plaintiff's concession, defendant properly may offer testimony on this issue.

Finally, nothing more than plaintiff's own *ipse dixit* supports his conclusion that Morgan's testimony regarding the condition of the soil in the area is a matter of common knowledge among laypersons. As compared to plaintiff's expert, who sought to testify that a person who falls on rocks is more likely to be injured than one who falls on a smooth surface and that shadows may obscure slight variations in grade,[1] Morgan's testimony does not concern matters that are so commonplace as to be within the experience or knowledge of jurors.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion to Strike Expert Testimony and Report** [#60], filed October 11, 2005, is **DENIED**.

Dated November 28, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

---

[1] In his reply brief, plaintiff asks that I reconsider my ruling striking the testimony of plaintiff's expert as within the common knowledge of laypersons.  (*See* Order Regarding Defendant's Motion for Summary Judgment at 2-3 [#–], filed September 3, 2004.)  Procedurally, this request is improperly raised in at least two separate ways.  *See Liebau v. Columbia Casualty Co.*, 176 F.Supp.2d 1236, 1244 (D. Kan. 2001) (court not address issues raised for the first time in a reply brief); D.C.COLO.LCivR 7.1C (party may not include a motion within a response or reply brief).  Substantively, the motion does not meet any of the criteria justifying reconsideration of a prior order.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (setting forth proper bases for motion to reconsider).  Even if I were to consider the motion, plaintiff's rationale is based on nothing more than the concept of "tit-for-tat," which provides no reasoned basis for allowing his expert's unhelpful testimony.